PER CURIAM.
The issue in this chain-collision case is whether Appellee (defendant below), the driver of the last motor vehicle involved in the series of collisions, sufficiently rebutted a presumption of negligence such that the issue of liability was properly submitted to the jury, notwithstanding Appellant’s (plaintiff below) Motion for Directed Verdict. We hold that the evidence, and reasonable inferences therefrom, when interpreted in the light most favorable to Appellee, did suffice to rebut the presumption. We, therefore, affirm.
In the afternoon, on an interstate overpass, during light to moderate rain, four vehicles heading in the same direction were involved in a series of collisions. The first vehicle was stationary, stopped at a red light. The driver of the second vehicle, traveling 15-20 miles per hour (well within the speed limit), crested the overpass, saw the vehicle ahead of her, but when she attempted to brake, skidded on a slippery substance and lightly struck the first car. As Appellant crested the same *861 overpass, he observed the cars stopped m front of him, tried to slow down, skidded on the same slippery substance and collided with the second car. Lastly, Appellee, as he crested the overpass, saw Appellant sliding, attempted to brake, skidded and struck Appellant’s vehicle shortly after it collided with the preceding vehicle. Although the record is unclear as to the precise nature and extent of the slippery substance, based on how it was described by witnesses, the judge and jury could have reasonably inferred that it was unforeseen (something more than a wet road) and hidden from the view of drivers approaching the overpass.
Appellant timely sought a directed verdict on liability at the close of the evidence, arguing that Appellee had failed to rebut the presumption of negligence that attached to Appellee’s act of rear-ending Appellant’s vehicle. The trial court denied the motion and allowed the case to proceed to the jury. The jury, thereafter, returned a defense verdict.
The question of whether the presumption of negligence was overcome in this case is resolved by application of the following standard:
When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, the impact of “the presumption is dissipated.” Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption.
Clampitt v. D.J. Spencer Sales, 786 So.2d 570, 573 (Fla.2001). Here, we agree with the trial judge that the evidence was sufficient to overcome the presumption. Three drivers, all apparently operating at safe speeds, encountered an unforeseen, slippery substance on the road, hidden from view, located just at the point where, because of the circumstances, braking became critical. By the time Appellee crested the overpass, he was confronted with the added hazard of one collision having just occurred and one collision about to occur. He essentially had no way to stop or otherwise avoid the accident. Under these unique circumstances, we think the jury was properly permitted to decide whether Appellee’s actions constituted a breach of the applicable duty of care.
We have considered Appellant’s other point on appeal but find that it is without merit.
AFFIRMED.
SHARP, W., THOMPSON and TORPY, JJ., concur.